UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARC SPARKS, on behalf of himself and all those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:20-cv-190-LEW |
| JANET MILLS, et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER APPROVING JOINT MOTION TO GIVE NOTICE TO THE CLASS OF PROPOSED SETTLEMENT AND TO MAKE FURTHER ORDERS AS PART OF THE SETTLEMENT APPROVAL PROCESS

Before the Court is the parties' Joint Motion to Give Notice to the Class of Proposed Settlement and to Make Further Orders as Part of the Settlement Approval Process (ECF No. 47). Following review of the Motion, the Settlement Agreement and Release,[1] and the motion record, I now order and find, on a preliminary basis only, as follows:

1.  The parties have made the required "showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Court determines, on a preliminary basis only, that the proposed settlement likely is fair, reasonable, adequate, and is in the best interest of the settlement class, and that the Settlement Agreement likely was

---

[1] This Order incorporates by reference the definitions and terms in the Settlement Agreement and Release so that they have the same meaning in this Order.

the result of arm's-length negotiations by experienced counsel. The Court further determines, on a preliminary basis, that it is likely to be able to grant class certification because the requirements of Rule 23(a) and 23(b)(3) have been met.

The Court recognizes certification under this Order is for settlement purposes only, and shall not constitute, or be construed as, an admission by Defendants that this action is appropriate for class certification for any other purpose. If, for any reason, the Settlement is not granted final approval, entry of this Order is without prejudice to the rights of Defendants to oppose certification of the Named Plaintiff's claims as a class action.

2. The Court directs notice of the proposed settlement to the class as set forth in the parties proposed Class Settlement Notice, which provides notice in a reasonable manner and fairly and adequately advises Class Members of the terms of the proposed Settlement and the benefits it would provide to Class Members; their right to object to or opt out of the Class and the procedures for doing so; their right to file documentation in support of or in opposition to the Settlement and procedures for doing so; the date, time and location of the Final Approval Hearing; and the procedures that Class Members must follow to be heard at the Final Approval Hearing. The Court further finds that the Notice comports with all Constitutional requirements including those of due process.

3. The Court **APPOINTS** Plaintiff's Counsel, Carol J. Garvan of the ACLU of Maine and David G. Webbert of Johnson & Webbert, LLP, as class counsel.

4. The Court **APPOINTS** Named Plaintiff Marc Sparks as class representative.

5.  Consistent with the Settlement Agreement and Release and the approved Notice to the Class of the proposed Settlement, this Order establishes the following deadlines:

  a. Within 3 business days after entry of this Order, the Parties will provide to the Settlement Administrator, and to each other, last known U.S. mail and email address, phone number, and Social Security number for each Settlement Class Member.

  b. Within 21 calendar days of entry of this Order, the Settlement Administrator will send the Notice of Settlement to each Settlement Class Member by U.S. first class mail at the Member's current U.S. mail address, and by email if an email address is available. The Court finds that mailing the Notice to the present and/or last known mail and email addresses of the Class Members constitutes an effective method of notifying Class Members of the Litigation, the proposed Settlement, and their rights with respect to it. The Court finds that the mailing and emailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate in accord with all constitutional and statutory requirements, including all due process requirements.

  c. Within 7 calendar days of receiving notice from the U.S. Postal Service that a Notice of Settlement was undeliverable, the Settlement Administrator will, after using up-to-date practices to determine a current U.S. mail address, re-mail the Notice of Settlement if a new address is found.

    d.  Within 45 calendar days from the mailing of the Notice of Settlement, any request to opt out of the Settlement, containing the information required by the Notice of Settlement, must be timely postmarked and mailed to the Settlement Administrator. Any Settlement Class Member who does not provide a timely notice of opting out that complies with the Notice of Settlement, or who provides such notice but then rescinds it, shall be bound by the terms of the Settlement if finally approved by the Court.

    e.  Within 45 calendar days from the mailing of the Notice of Settlement, any objection to the Settlement, containing the information required by the Notice of Settlement, must be timely postmarked and mailed to the Settlement Administrator.

    f.  No later than 14 days before the Final Approval Hearing, the parties will file a joint motion for final approval of the proposed Settlement.

    g.  No later than 14 days before the Final Approval Hearing, Class Counsel will file a motion for approval of attorneys' fees, costs, and expenses.

6.    The Court **APPROVES** the designation of Simpluris, Inc. as Settlement Administrator, and the payment of reasonable settlement administration costs to be paid as set forth in the Settlement Agreement.

7.    On August 24, 2022 at 10:00 a.m. in Courtroom 1 at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101, counsel for the parties must appear before the undersigned for a Final Approval Hearing, at which the Court will consider whether the proposed settlement "is fair, reasonable and adequate" in

accord with Fed. R. Civ. P. 23(e)(2), and to consider the motion of Class Counsel for an award of reasonable attorney's fees and expenses.

8. All proceedings in this matter—except those authorized by this Order and in the Settlement Agreement or in furtherance of the proposed settlement—are stayed until further notice.

**SO ORDERED.**

Dated this 10th day of May, 2022.

                                            /s/ Lance E. Walker
                                          UNITED STATES DISTRICT JUDGE