UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARC SPARKS, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JANET MILLS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 2:20-cv-190-LEW<br>)<br>)<br>)<br>) |

**ORDER ON FINAL SETTLEMENT APPROVAL
AND ATTORNEY'S FEES AND EXPENSES**

Before the Court are the parties' Joint Motion for Final Approval of Class Settlement (ECF No. 50), and Plaintiff's Unopposed Motion for Approval of Attorney's Fees and Reimbursement of Case Expenses (ECF No. 51). Following a Fairness Hearing on August 24, 2022, and for the reasons stated below, the motions are GRANTED.

**BACKGROUND**

In March 2020, Plaintiff Marc Sparks and 53 other incarcerated individuals in the Work Release Program (WRP) of the Maine Department of Corrections (MDOC) were informed that they could no longer work in the community due to COVID-19. The Maine Department of Labor (MDOL) initially found Sparks and the other WRP participants ("Settlement Class Members") eligible for unemployment payments and began making weekly cash payments into their prison accounts. Then, on about May 15, 2020, at the direction of Governor Mills, the MDOL halted the workers' ongoing benefits, and the

MDOC removed the deposited unemployment funds from the WRP workers' prison accounts. The Settlement Class Members were not given any form of notice or hearing before their benefits were seized and terminated.

In June 2020, Sparks filed this putative class action for himself and the Settlement Class Members, alleging a single claim for violation of the constitutional right to procedural due process. In around mid-July 2020, the MDOL began issuing Deputy's Decisions to the Settlement Class Members stating that the WRP participants were ineligible for benefits under state law and requesting repayment of the alleged overpayments of benefits already paid. The MDOL notified the Settlement Class Members of a process for appealing this July 2020 ineligibility determination.

The Court granted the State's motion to dismiss Sparks' complaint. ECF No. 30. Sparks appealed, and the Court of Appeals for the First Circuit heard oral argument on January 3, 2022. At the close of argument, the First Circuit directed the parties to attempt to resolve some or all the issues and report back and suggested that the parties focus their settlement discussions on the unemployment funds that had been deposited into class members' prison accounts but were then removed by the State. At this Court's invitation, the parties agreed to participate in a Judicial Settlement Conference with Magistrate Judge Nivison on January 28, 2022. The First Circuit stayed proceedings on the appeal pending the outcome of the Settlement Conference.

During the full-day Judicial Settlement Conference, the parties negotiated at arm's length and achieved a Court-supervised settlement of the putative class claims for violation of procedural due process. The proposed Settlement provides important monetary and non-

monetary relief to the Settlement Class. Under the proposed Settlement, Defendants acknowledge that people incarcerated by the MDOC have a property interest in the funds in their prison accounts, regardless of the source of those funds. *See* ECF No. 47-1 (Settlement Agreement) ¶ 23. In addition, Defendants agree to waive and never seek repayment from the Settlement Class Members of any alleged overpayments of unemployment benefits referenced in the MDOL's decisions issued to the Class in about July 2020. Finally, Defendants agree to payment of $367,228.40 total, consisting of (1) payment of $163,228.40 to the Settlement Class, which equals the total amount of funds removed from the individual accounts of the Settlement Class Members and held in a separate trust account based on Governor Mills' May 15, 2020 directive, less applicable deductions being made as of May 2020 (for example, for room and board); (2) payment of $4,000 total as Service Awards; and (3) payment of $200,000 for attorney's fees and expenses including the cost of settlement administration. *Id.*, ¶ 8. The monetary payments under the proposed Settlement to the Settlement Class Members represent the return of 100% of the total unemployment benefits removed from the Settlement Class Members' accounts based on the Governor's directive in May 2020, less applicable deductions being made as of May 2020. *See id.*, Attachment A. On average, each Settlement Class Member will receive about $3,080 as part of this Settlement. *Id.*

Before agreeing to the Settlement, the parties conducted a thorough investigation of the relevant legal and factual claims concerning both liability and damages and engaged in substantial informal discovery exchanges. In particular, Plaintiff requested and Defendants produced detailed information concerning the weekly unemployment benefits paid to each

Settlement Class Member, the applicable deductions taken from those payments, and the total amount of funds removed from the Class Members' accounts and held in the separate trust account.

On May 10, 2022, I granted preliminary approval of the Settlement, approved the parties' Notice plan and authorized distribution of Notice of the proposed Settlement to the Class, and appointed Simpluris, Inc. as the Settlement Administrator. ECF No. 48.[1] On May 31, 2022, Simpluris sent Court-approved notices directly to the 54 Settlement Class Members. Decl. of Mary Butler, Simpluris, Inc., § 9. Ultimately, all 54 Notices were successfully delivered. *Id.*, §§ 11, 12. No Class Member objected or opted out of the Settlement. *Id.* §§ 13, 14.

After conducting a fairness hearing on August 24, 2022, as required by Federal Rule of Civil Procedure 23(e), I find that the Settlement is fair, reasonable, and adequate, and appropriate for final certification for settlement purposes, that the attorney fees and expenses requested by Class Counsel are reasonable, and that the requested service awards are reasonable.

## DISCUSSION

### I.    The Settlement Is Fair, Reasonable, and Adequate.

Under Rule 23(e)(2), the Court may approve a settlement that is fair, reasonable, and adequate. In general, courts will presume that a settlement is reasonable if the parties

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement and Release, *see* ECF No. 47-1, and all terms defined therein have the same meaning in this Order as set forth in the Settlement Agreement and Release.

negotiated at arm's length and conducted sufficient discovery. *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009). A district court has "considerable discretion in approving a class action settlement, given the generality of the standard and the need to balance a settlement's benefits and costs." *Noll v. Flowers Foods Inc.*, No. 1:15-CV-00493-LEW, 2022 WL 1438606, at *5 (D. Me. May 3, 2022) (cleaned up). "The court's role in reviewing a proposed settlement agreement is effectively that of a fiduciary for the class members, a duty which obtains whether or not there are objectors or opponents to the proposed settlement." *Id*. (cleaned up).

Rule 23(e)(2) lists specific factors for evaluating whether a class action settlement is fair and reasonable:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

All of the relevant factors favor final approval of the proposed settlement. On May 10, I conducted a preliminary analysis of the relevant factors and determined that the "proposed settlement likely is fair, reasonable, adequate, and is in the best interest of the settlement class" and "the court will likely be able to . . . approve the proposal under Rule 23(e)(2)." ECF No. 48, at 1. Since that time, the court-approved Notice of the proposed Settlement has been sent to the 54 Settlement Class Members and not a single objection or opt-out request has been received, further supporting final approval.

**First**, Class Counsel and Class Representative Marc Sparks have adequately represented the Class. Fed. R. Civ. P. 23(e)(2)(A). Class Representative Sparks shares the core interests of the Class Members: they were all WRP participants who applied for and were awarded unemployment benefits when they could no longer work due to COVID-19 in March 2020, and their benefits were then halted and removed from their prison accounts by Defendants in mid-May 2020. Sparks has no fundamental conflicts of interests with the proposed class that would prevent him from vigorously pursuing the interests of the class. And Sparks has demonstrated adequate representation by fully participating in the case, providing his knowledge and understanding of the facts, and assisting with the investigation and settlement negotiations.

Likewise, Class Counsel have demonstrated the adequacy of their representation through vigorous prosecution of this case. Carol Garvan and David Webbert are experienced in class action litigation and have represented the Class Members zealously, devoting substantial time and resources to this action.

**Second**, the proposed Settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). This Settlement was negotiated by qualified counsel, with the assistance and supervision of Magistrate Judge Nivison, over a full-day Judicial Settlement Conference. The parties engaged in a thorough investigation of their respective legal claims and defenses, including litigation of their legal claims and defenses in this Court and on appeal. The parties likewise engaged in a thorough investigation of the damages claims and exchanged substantial information through informal discovery. Plaintiff requested, and Defendants produced, detailed information concerning the weekly unemployment benefits paid to each Settlement Class Member, the applicable deductions taken from those payments, and the total amount of funds removed from the Class Members' accounts and held in the separate trust account. There is no reason to suspect collusion that would undermine the Settlement's fairness. The overall picture is one of fair, arm's-length negotiations.

**Third**, the relief provided to the Settlement Class is adequate, particularly when compared to the costs, risks, and delays of continued litigation. Fed. R. Civ. P. 23(e)(2)(C). The proposed Settlement provides important prospective, non-monetary relief to the Class Members: Defendants agree to acknowledge that people incarcerated by the MDOC have a property interest in the funds in their prison accounts, regardless of the source of those funds; and Defendants agree to never seek repayment from the Settlement Class Members of any alleged overpayments of the unemployment benefits at issue in this case. The proposed Settlement also provides significant monetary relief to the Settlement Class Members: Defendants' payment of $163,228.40 to the Settlement Class represents the

return of 100% of the total unemployment benefits removed from the Settlement Class Members' prison accounts based on the Governor's directive in mid-May 2020 (less applicable deductions being made at the time).

If this Action is not resolved now, the costs, risks and delays of proceeding with litigation are considerable. There would necessarily be substantial delays as the parties await the outcome of the pending First Circuit appeal, and that process could well take longer than usual given the possibility that the First Circuit could certify questions of state law to the Law Court before issuing its decision. If Plaintiff's appeal were successful, that would simply mean that the matter would be remanded for further proceedings, which would themselves involve substantial risks and delays. On remand, the parties would likely engage in extensive and time-consuming litigation in the district court, including formal discovery, a contested motion for class certification, likely cross-motions for summary judgment, trial, and the possibility of additional appeals. Thus, both sides face significant risks and costs moving forward and have a strong interest in avoiding the uncertainty and delay of further litigation. Considering these risks, the Settlement reflects a fair compromise of the claims involved. And the proposed method for distributing settlement payments to the Class are likely to be highly effective, as no claims form or other response is required from Class Members before they will receive their payment.

**Fourth**, the Settlement treats the Class Members fairly and equitably relative to each other, Fed. R. Civ. P. 23(e)(2)(D), meaning that relief is apportioned between Class Members in a way that "takes appropriate account of differences among their claims," 2018 Advisory Committee Note to Fed. R. Civ. P. 23. The monetary payment to each Class

8

Member is specifically tailored to their claims in the litigation. The proposed Settlement ensures payment to each Settlement Class Member of 100% of the actual amount of benefits taken from that individual's prison account in May 2020, less applicable deductions being made as of May 2020. ECF No. 47-1, Attachment A. Each Class Member's share is calculated individually based on Defendants' records of the actual amount of benefits taken from their individual account, less applicable deductions taken at the time. The Settlement fairly apportions payment equitably among the Class Members.

**In summary**, I find the Settlement fair, reasonable, and adequate under Rule 23.

## II.  For Settlement Purposes, The Action Is Finally Certified Under Rule 23.

An action can be settled as a class action that binds absent class members only if the Court certifies "the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). Certification of an action requires that it meet the requirements of Rule 23(a) and one of the types of class actions described in Rule 23(b) for settlement purposes. *Id*. This Action satisfies all of the requirements for Rule 23 certification.

Plaintiff Sparks asks the Court to certify a settlement class of all individuals who were incarcerated by MDOC and who were deemed eligible for state and federal unemployment benefits after the loss of their WRP employment and whose benefits were terminated or removed from their accounts, or both, on about May 15, 2020. ECF No. 47-1, ¶ 1.

This Court has already approved notice of the proposed Settlement to the Class based on a determination that "it is likely to be able to grant class certification because the

requirements of Rule 23(a) and 23(b)(3) have been met." ECF No. 48, at 2; *see* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court's determination that it will likely be able to certify the proposed class under Rule 23 has now been further supported by the absence of any objections in response to the notice to the Class.

Under Rule 23(a): (1) the class of 54 individuals is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, including the fundamental common legal question of whether Defendants violated the Class Members' procedural due process rights when it halted and removed unemployment funds from their prison accounts; (3) Class Representative Sparks' injuries—the termination and removal of his unemployment benefits from his prison accounts at the Governor's directive in May 2020—are typical of the Class; and (4) Class Representative Sparks and Class Counsel will fairly and adequately protect the interests of the class, as Sparks' interests are aligned with the Settlement Class Members' interests and he has no fundamental conflicts of interests with the proposed class. Fed. R. Civ. P. 23(a); *see* ECF No. 47, at 13-16.

In addition, Plaintiff has demonstrated that certification is appropriate under Rule 23(b)(3). The legal claims and defenses at the core of this case –whether the Settlement Class Members had a constitutionally protected property interest in their unemployment benefits, and whether Defendants violated the Settlement Class Members' rights to procedural due process by halting and removing those benefits without pre-deprivation process – are common to the class and predominate over any individualized issues. And class action is the superior method of adjudication of this dispute, particularly given the

relatively small potential recovery for any individual class member and the lack of any other pending claims by class members. Fed. R. Civ. P. 23(b)(3); *see* ECF No. 22, at 12-13.

### III. The Proposed Service Awards Are Reasonable.

"A named plaintiff is a necessary component of any class action, and thus, a service award may be appropriate to induce an individual to take part in the suit." *Venegas v. Glob. Aircraft Serv., Inc.*, No. 2:14-cv-00249-NT, 2017 WL 2730025, at *4 (D. Me. June 26, 2017). "Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, the public nature of a collective action filing, and any other burdens they sustain." *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-cv-10219-JGD, 2017 WL 6460244, at *2 (D. Mass. June 8, 2017).

Class Counsel has proposed, and neither Defendants nor any Class Members have objected to, service awards of $2,000 each in recognition of the essential service of two class members: $2,000 to Marc Sparks, the Class Representative, and $2,000 to Anthony Manganella, a particularly involved class member. I find these proposed service awards appropriate in light of the time Mr. Sparks and Mr. Manganella devoted to the case and the significant role they played in facilitating investigation, prosecution and settlement of the case.

### IV. The Requested Attorney's Fees And Expenses Are Reasonable.

Rule 23 authorizes the court, when approving a class action settlement agreement, to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by

11

the parties' agreement." Fed. R. Civ. P. 23(h). "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Thus where, as here, parties "settle the amount of a fee" in an apparently fair negotiation, the reviewing court need not sift through the agreement with a fine-toothed comb. *Id.* Nevertheless, due to these "potential conflicts of interests between class counsel and class members, district judges are expected to give careful scrutiny to the terms of the proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 (1st Cir. 2009) (citations omitted).

There is no cause in this case to be concerned with potential conflicts of interest. To the contrary, counsel have admirably served their clients' interests. Their unopposed request for an award of $200,000 is demonstrative of that fact, as they will have invested time and money valued at more than $270,000 under the well-established lodestar method. I find that Class Counsel's request for attorney's fees and expenses is reasonable.[2]

### V. Final Approval Is Appropriate under the Class Action Fairness Act.

Under the Class Action Fairness Act ("CAFA"), an order granting final approval of a proposed settlement of a class action "may not be issued earlier than 90 days after" the

---

[2] As agreed to in the parties' Settlement Agreement, ECF No. 47-1, ¶ 31, Class Counsel may elect to have all, part, or none of its attorney's fees award paid in periodic payments through a structured settlement arrangement entered into before payment of such fees to Class Counsel. All fees awarded to Class Counsel to be so structured will be paid by the Settlement Administrator, out of the Settlement Fund to an assignment company(ies) in accord with appropriate assignment and release agreements ("Assignment Agreements"). Class Counsel has no present right to payment of any structured fees that are the subject of Assignment Agreements. The Settlement Administrator will have the authority to execute documents and take such actions as may be necessary to effectuate the assignment and payment of fees under any Assignment Agreement.

defendant serves required CAFA notices on the appropriate government officials. 28 U.S.C. § 1715(d). Defendants served CAFA notices on the appropriate government officials on May 2 and May 13, 2022—more than 90 days ago. None of those officials have filed an objection to the proposed settlement. Final approval is therefore appropriate under CAFA.

## CONCLUSION

For the reasons stated above, the Plaintiffs' motions are **GRANTED** in all respects. I **APPROVE** final settlement of all claims in this matter, including the service awards to the Named Plaintiffs. I **GRANT** Class counsel's motion for attorney's fees and expenses.

I **GRANT** the parties' motion to certify this Action as a class action for settlement purposes only and because the Action has been certified as a class action under Federal Rule of Civil Procedure 23(b)(3), all Settlement Class Members who did not actively opt-out of the case (and the Settlement thereof) will be bound by the dismissal with prejudice on the merits, and by the release of claims described in the Settlement Agreement.

The case is **DISMISSED** with prejudice; provided, however, that, without affecting the finality of this Judgment and Order of Dismissal with Prejudice, I hereby retain exclusive and continuing jurisdiction for purposes of supervising, administering, implementing, interpreting, and enforcing this Judgment and Order of Dismissal with Prejudice, as well as the Settlement Agreement, including administration and distribution of payment thereunder.

**SO ORDERED**.

Dated this 24th day of August, 2022.

                                                  /s/ Lance E. Walker  
                                                UNITED STATES DISTRICT JUDGE